SAMUEL PEEPLES, Appellant, *v.* SAVILLA PEEPLES, Appellee.

APPEAL FROM COLES.

In a case for divorce, where the process from one county was sent to another for service upon defendant, and he submits to the jurisdiction by filing an answer, and goes to trial, a motion to dismiss, after verdict, for want of jurisdiction, comes too late; the objection is a dilatory one, and should be taken before trial.

THIS was a proceeding instituted in the Coles Circuit Court, by Savilla Peeples, of the county of Edgar, against Samuel Peeples, of the county of Hancock, all in the State of Illinois, praying divorce, alimony, etc.

The record shows that Savilla Peeples filed in the Coles Circuit Court, on the 18th day of February, A. D. 1856, her bill of complaint, in which she charges her intermarriage with Samuel Peeples, (whom she makes defendant thereto,) their cohabitation for a certain time, averring good conduct on her part, etc., but alleging that her husband, either from bad disposition or from improper advice, took her back to her father's in Edgar county, and left her wholly unprovided for, in a state of pregnancy; that she had ever since remained in said county of Edgar; that her husband had remained absent from her ever since, being more than two years, failing to provide for her and her child, then about seventeen months old; that her husband was worth from one to two thousand dollars in personal property, and a tract of land in Coles county, which was described as worth over two thousand dollars. Bill further admitted that the cause of action accrued in the county of Coles. The prayer of the bill is for divorce, the custody, etc., of the infant, and alimony out of husband's estate; it also contains a prayer for an injunction and for general relief.

Process issued to Hancock county, in accordance with *præcipe*, and returned, served by delivery of copy to defendant.

At the April term, A. D. 1856, defendant applied for a continuance, which was allowed.

At the October term, A. D. 1856, of said court, the cause was continued generally.

At the May term, A. D. 1857, of said court, defendant filed his answer to complainant's bill, in which, after reserving the benefit of exceptions, etc., defendant admitted the marriage, but denied that complainant had conducted herself well, and charged abandonment on her part against every influence he could exert over complainant; that she abandoned him without cause, and was guilty of duplicity towards him in order to get away; that he did all he could to get her to return, but she refused; defendant admitted absence of two years, charged it as voluntary on part of complainant. Defendant thereupon asked to be discharged with his costs.

To this answer the complainant filed her replication.

Whereupon the cause came on before a jury, which, after hearing the evidence, returned a verdict, that "we, the jury, do find that the defendant, Samuel Peeples, had willfully abandoned his said wife, Savilla Peeples, the complainant, for more than two years next preceding the filing of her said bill in this cause, and had remained absent from her, the said complainant, ever since."

The record then shows that after the rendition of the verdict by the jury, and previous to the decree of the court, the defendant moved to dismiss the cause for want of jurisdiction, and that this motion was overruled, and exceptions made to the action of the court in so doing. The record then proceeds with the decree of the court, dissolving the bonds of matrimony between complainant and defendant, giving to her, the complainant, the custody of the child, and seventy-five dollars alimony for her and its support, decreeing it to be a lien upon real estate set out in bill, and decreeing further execution for each installment, etc., together with costs of proceedings; that thereupon defendant prayed an appeal, which was allowed by the court.

C. H. CONSTABLE, for Appellant.

O. B. FICKLIN, for Appellee.

BREESE, J. The question in this case is as to the jurisdiction of the Circuit Court of Coles county.

The record shows that complainant was a resident of Edgar county when the bill was filed, and the defendant a resident of Hancock county, to which the process was sent from Coles. The domicil of both parties when living together, and at the time of abandonment by defendant, was Coles county.

The defendant appeared to the suit and filed his answer, and submitted his defense on the merits. No objection was made to the jurisdiction of the court until after trial and verdict, when a motion was made to dismiss the suit for want of jurisdiction.

The Circuit Courts have general jurisdiction of the subject of divorces, and the defendant in this case voluntarily submitted to the jurisdiction over his person.

The objection being of a dilatory character, should have been made before trial, by motion or by plea in abatement—answering to the merits, waives the objection. *Gillilan* v. *Gray*, 14 Ill. R. 416.

The decree is affirmed, with costs.

*Decree affirmed.*