ANDREW PARKER

*v.*

HARRIET N. PARKER.

1. DIVORCE—*jurisdiction.* The designation of an applicant for divorce, as "Harriet N. Parker, of Grundy county," is sufficient to give the circuit court jurisdiction of the parties. .

2. JURISDICTION—*denial of, how sustained.* The bill having shown jurisdiction of the subject matter and the parties, will not be dismissed upon motion supported by *ex parte* affidavits, nor upon demurrer.

3. SAME—*plea to the jurisdiction,* before answer, should be interposed supported by facts, giving opportunity for rebutting testimony and for cross-examination.

4. SAME—*waiver.* A defendant who, without pleading in the mode prescribed by the practice in chancery, proceeds to answer over, waives his objection to the jurisdiction.

5. ALIMONY. The courts grant alimony upon proof of the circumstances of the parties, and unless found excessive, decrees will not be disturbed. The same courts may afterwards modify, on proof of such change as renders the amount excessive.

·WRIT OF ERROR to the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. O. C. GRAY and Mr. E. W. DEWEY, for the plaintiff in error.

Mr. W. T. HOPKINS and Mr. B. C. COOK, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Defendant in error filed a bill for a divorce against plaintiff in error, in the Grundy circuit court. The ground relied upon was extreme and repeated cruelty, coupled with desertion. A summons was issued to and served by the sheriff of DeKalb county. A motion to dismiss the suit was entered, upon the ground that the court did not have jurisdiction of the person of complainant as her residence was in DeKalb

24—61ST ILL.

county at the commencement of the suit, which was overruled by the court. Plaintiff in error then filed a demurrer to the bill which was also overruled. An answer having been filed denying the material allegations of the bill, a trial was had by the court and a jury, resulting in a verdict in favor of complainant. The court thereupon rendered a decree dissolving the marriage contract and awarding the custody of Hattie, one of the children, to complainant, and decreeing her an annuity of $400, payable quarterly, for the support of herself and child. To reverse that decree the record is brought to this court and errors are assigned.

It is first urged that the court should have dismissed the suit for the want of jurisdiction. The record shows that one of the attorneys for plaintiff in error filed in the court below an affidavit, in which he states that plaintiff in error was then, and had been for several years, a resident of DeKalb county; "that his home is there, and that said place is also the home of said Harriet N. Parker, and has been for some years last past." Even if this affidavit showed facts sufficient to overcome the recital in the bill that she was, at the time it was filed, "of the county of Grundy," still it is not proper practice to dismiss a bill on a mere motion for want of jurisdiction unless it appears on the face of the bill.

It is true, that the last clause of the 2d section of the divorce law requires the proceedings to be had in the county in which the complainant resides; but where the objection exists that the suit is not brought in the proper county, it may be waived by the defendant, and unless raised in the mode prescribed by the practice in chancery, it must be treated as abandoned. In a court of equity, when the want of jurisdiction appears on the face of the bill, it may be reached by demurrer, and when it does not then the objection should be raised by plea to the jurisdiction. It is said, "that an objection on the ground of jurisdiction must be taken either by demurrer or plea, before answer, otherwise the court will entertain

the suit, although the defendant may object to it at the hearing, unless it is in a case in which no circumstances whatever can give the court jurisdiction." Danl. Ch. Pr. vol. 2, p. 140. In this case, the want of jurisdiction does not appear on the face of the bill, as it alleges that complainant is of the county of Grundy, from which it was manifest to the court that there was jurisdiction. And plaintiff in error failing to plead facts showing the want of jurisdiction, and answering to the merits of the bill, the court below did right in proceeding with the trial of the cause. It was held, in the case of *Peeples* v. *Peeples*, 19 Ill. 269, that an objection of this kind was dilatory in its character and should have been raised before answer. There is no force in the objection inasmuch as we must presume that, on the motion, the evidence justified the decision of the court, and although the practice was irregular, still, plaintiff in error is bound by it as no plea was filed, and an answer was interposed.

It follows, from the authority referred to, that there was no error in overruling the motion to dismiss. When the question is raised by plea, the issue can be more fairly tried on depositions or oral evidence, subject to cross-examination, than by loose *ex parte* affidavits. A question of residence is frequently one of much difficulty, depending on a variety of circumstances too complicated to be satisfactorily tried by *ex parte* evidence. It is an important issue to the parties, and deserves to be as fairly tried as others connected with the case.

As to the question of alimony, we are not prepared to hold that it is so unreasonably large as to require its reduction. The court below had before it all the evidence, and no doubt regarded it but reasonable and just. But if, from the change of times or the circumstances of the parties, it should, in the future, become unreasonable or oppressive, he can, under the 6th section of the divorce law, apply to the court and have it modified. Nor do we see that the objection is well taken, that the court undertook to control the services of plaintiff in error. The court only decreed that he should, in

discharge of a legal duty, pay a certain sum every three months to defendant in error. It does not order him to labor to earn it. He is left at liberty to raise the means by the sale of his personal property or real estate, or produce it from his regular pursuits, as may suit his inclination or his interest. He is in the same situation precisely as is any debtor against whom a decree for the payment of money in instalments is required to be made. It can not be that the court would have no power to decree alimony in money, simply because the defendant has no productive property, as seems to be contended by counsel, or even if he was destitute of property. Mere want of means does not release a father from the duty of supporting his helpless infant children, or from contributing to the support of a wife who is divorced for his unmanly abuse and cruelty, and especially so when he may have obtained a large amount of means from his wife. But in such cases the court will be governed by the circumstances and condition of the parties. But for aught that appears in the record, plaintiff in error may have been in the receipt of a large income. We perceive no error in this record, and the decree of the court below is affirmed.

*Decree affirmed.*