ANGELINA SOMMERS

V.

HENRY W. SOMMERS.

DIVORCE—JURISDICTION.—Where the defendant in a bill for divorce in the pending cause, raises the question of the jurisdiction of the court to proceed to a decree, and the evidence shows that the alleged jurisdictional facts are untrue or not maintained, the court should dismiss the bill, however the question is made, or at what stage of the proceedings. As the evidence shows that complainant was not a resident of the county where the proceedings were instituted, the motion of defendant after answer to dismiss the bill for want of jurisdiction, is sustained.

2. EVIDENCE.—The court is of opinion that the great weight of evidence upon the question of desertion is in favor of the defendant.

APPEAL from the Circuit Court of Will county; the Hon. J. McROBERTS, Judge, presiding. Opinion filed February 5, 1885.

This is a bill for a divorce filed in the Circuit Court of Will county by the appellee against the appellant, alleging that the parties were married in Germantown, Pennsylvania, in 1872, and that they lived together until May, 1875, when the

Sommers v. Sommers.

defendant, at the city of Chicago, willfully deserted the com-
plainant without cause, and still absents herself, refusing to
live with him; that one son is the only issue of such mar-
riage, who is under the care and custody of complainant.

The defendant answered the bill, admitting the marriage, but
denied the charge of desertion or that she had refused to live
with him; but, on the contrary, alleges that in the early part
of 1875 she went with him to Chicago, where they lived to-
gether as husband and wife until May of that year, when the
complainant persuaded her to accompany him back to Ger-
mantown on a visit to her father's house, and that he then
left her there with the promise to soon return and take her to
a new home, which he said he would provide for her. And
from that time until February, 1884, he visited her at her
father's house on several occasions, living and cohabiting with
her at such times; and in February, 1884, he visited her and
remained for one week, when he left for Chicago, promising
with every assurance of love and affection that he would
speedily send for her to return to him and his home in Chi-
cago; and while she was remaining at Germantown, and re-
lying upon such promise, she was served with a copy of the
bill in this case; that the son is and always has been under
her care. Proofs were taken, and upon hearing the court
granted the prayer of the bill, and the defendant appealed.

Mr. H. S. OAKLEY and Mr. J. K. WILSON, for appellant; as
to jurisdiction, cited Haywood v. Collins, 60 Ill. 333; Way
v. Way, 64 Ill. 410.

It was error to render the decree upon the testimony before
the court: Shillinger v. Shillinger, 14 Ill. 147; Flagg v.
Stowe, 85 Ill. 169; Davis v. A. & F. Ch. Un., 100 Ill. 313;
Gage v. Busse, 7 Bradwell, 433; Kelsey v. Starkey, 11 Brad-
well, 84; Danforth v. McIntyre, Id. 417.

Mr. GEORGE W. COTHRAN, for appellee; as to what is suffi-
cient to confer jurisdiction, cited Parker v. Parker, 61 Ill.
369; Way v. Way, 64 Ill. 406; Wallace v. Cox, 71 Ill. 548;
Pool v. Docker, 92 Ill. 501.

As to sufficiency of evidence:  Carter v. Carter, 62 Ill. 439; Kennedy v. Kennedy, 87 Ill. 250.

PILLSBURY, J.  The first point made by appellant for a reversal is, that the proof shows that the bill was not filed in the county where the complainant resides, and the court for that reason should have sustained the motion of appellant to dismiss the bill for want of jurisdiction.  The appellee insists that having answered to the merits, such objection has been waived, as the appellant should have pleaded to the jurisdiction before answer.  The bill avers that the complainant is " of Will county," and for five years last past has been an actual resident of the State of Illinois, which has been held sufficient upon the face of the bill to give the court jurisdiction.  Way v. Way, 64 Ill. 407; Parker v. Parker, 61 Ill. 369.

In the latter case the allegation of residence was substantially as in this, and a motion being made before answer to dismiss the bill on the ground that the complainant was a resident at the time of instituting her suit, of DeKalb county, supported by affidavits, the motion was overruled and the Supreme Court held that such motion was improper unless the want of jurisdiction appeared upon the face of the bill.  After stating that the bill sufficiently averred the jurisdictional fact of residence in the county, the court says: "And plaintiff in error failing to plead facts showing want of jurisdiction, and answering to the merits of the bill, the court below did right in proceeding with the trial of the cause.  It was held in the case of Peeples v. Peeples, 19 Ill. 269, that an objection of this kind was dilatory in its character, and should have been raised before answer."

The case of Way v. Way, *supra*, would seem to announce the rule that such objection can be taken on the trial, by an instruction to the jury.

The offense of the wife for which the divorce was sought, was alleged to have been committed in Cook county, and the bill was filed in that county, and the answer of defendant raised the question of the residence of the complainant in this State, and the court was asked to instruct the jury that

if the complainant did not have an actual residence in Cook county at the time of filing the bill, he was not entitled to recover, which the court refused to do, but did instruct them that the residence in the county and State was not necessary if the act of adultery was committed in the county in which the suit was brought.

The court says "It is contended that the objection to the jurisdiction should have been taken before the trial on the merits. This could not have been done, for the bill alleged all the facts necessary to confer jurisdiction. The question of jurisdiction then became one of fact, to be determined upon the hearing. It might, perhaps, have been presented by motion after the evidence was heard; but it was raised by an instruction asked and refused. When the want of jurisdiction clearly appeared during the progress of the trial; it was the right and duty of the court under the pleadings, to have dismissed the bill. * * * In this case the court had jurisdiction, if the bill was true. Its truth being denied, and when the complainant failed to sustain his allegations by proof, the question of the jurisdiction of the court for the first time arose. * * * If by a proper construction of our statute the court had not jurisdiction, then even consent of the parties would not give it."

The court conceded that there was sufficient evidence to justify the inference that the defendant had committed adultery in the county of Cook, and conceded in the case that such fact would dispense with the residence of the complainant for one year in the State before filing the bill, under section three of the Divorce Act, but still the question remained under section two of the same act, whether it was not essential to the jurisdiction of the court that the complainant should be an actual resident of the county where the proceedings were instituted.

Sections two and three of the act construed in that case are the same as sections five and two of Ch. 40, R. S. 1874, under which the proceedings in this case were had, and of course the same construction would apply. Section five of the present act being section two of the former act, provides that "The

Sommers v. Sommers.

proceedings shall be had in the county where the complainant resides, but process may be directed to any county in the State." It was contended in Way v. Way that section two was but a mere rule of practice not essential to jurisdiction.

Upon this point the court says:  "No reason has been assigned why this provision is a mere rule of practice, and a compliance with it not essential to jurisdiction; and we apprehend none can be given.  The language is comprehensive enough to embrace all suits for divorce, whether for offenses committed without or within the State.  The construction contended for would fritter away one section of the statute as to non-residents and make it operate as to residents.  The legislature certainly never intended the distinction, that the resident must sue in the county of his residence and the non-resident might sue in any county of the State."

After referring to analogous statutes where jurisdiction is only acquired by compliance with their terms, and to some of the rules which govern in the construction of statutes, the court continues:  "What then, was the intention in the enactment of the last clause of section two?  The words are simple and expressive, and the meaning would seem to be obvious.  The bill shall be filed in the county in which the complainant resides.  The language is imperative, and excludes the right to commence proceedings in any other county than the one in which the residence of the complainant is fixed.  Residence is made a prerequisite to the existence of the right to file the bill."

It is believed that this case has been considered by the circuit courts of this State as settling the question of the necessity of the complainant proving upon the hearing, whether it be *ex parte* upon a default, or upon a contest upon answer, the jurisdictional facts alleged in the bill, viz., the actual residence in the county where the venue is laid, and a year's residence in the State when it is required by the statutes; and that it also allows the defendant to insist that such proof be made where an answer is filed as well as though the question was raised by plea.  Such we understand to be the plain purport of the opinion, and even if it appears to conflict with the

earlier cases as to the proper manner of bringing the question of jurisdiction to the attention of the court, we would consider it our duty to follow it as the later adjudication upon the subject. Besides, we think it states the proper rule. The question made is one that goes beyond the mere jurisdiction of the parties to the cause. It challenges the power of the court to adjudicate upon the rights of the parties and dissolve the marriage relation. It relates to the jurisdiction of the court over the subject-matter of the controversy, and in such case, it can scarcely be said that the defendant can not insist upon the want of jurisdiction whenever it appears during the progress of the trial.

Where the record of the case shows all necessary jurisdictional facts and no objection is made to the action of the court, it may well be that the adjudication would be held conclusive in all collateral proceedings regardless of the evidence upon which the decree is based, but when the defendant in the pending cause raises the question of the jurisdiction of the court to proceed to a decree, and the evidence shows that the alleged jurisdictional facts are untrue, or not maintained, we think the court should dismiss the bill, however the question is made, or at what stage of the proceedings. An examination of the proofs in this case conclusively shows to us that the complainant was not a resident in Will county at the time of filing his bill, but on the contrary, since 1875 has resided in Cook county, where at the time of the trial he still resided, as he states in his testimony given in open court.

Although in our view the want of jurisdiction is fatal to the present decree, we have examined the evidence in the record bearing upon the question of desertion alleged in the bill and denied by the answer, and find that the great weight of evidence is in favor of the defendant. The complainant testifies that the defendant left him in 1875, since which time she has refused to live with him. This is denied by the defendant, and she also swears to the truth of the facts alleged in the answer concerning his frequent visits to her while living at Germantown, and as late as February, 1884, he remained with her for about a week and cohabited with her, and on leaving,

promised to send for her and have her come to Chicago to live with him.  That while on his last visit he purchased some furniture and carpets for their bedroom, paid two months' rent for the house, bought a ton of coal and some cooking utensils.  That at that time he seemed to be more affectionate than at any time during their married life.  The defendant is very fully corroborated in nearly all her statements, and especially concerning his visits to her and the fact that they occupied the same room while he was there at the several times mentioned by her, by a brother and sister who were living with her in Germantown, and by Mrs. Bessie Crout, at whose house they boarded a short time in 1877, when they occupied the same bedroom, and who also testified to his other visits and to the fact that they seemed to be happy together; and also by Mrs. Lillian Griffith, who testified to the visit in February, and knows they occupied the same bedroom at night as she could hear them talking together from her room.  All these witnesses testified to his furnishing the room while he was there.

The defendant, in rebuttal, admits he was there in February and furnished the room but claims it was for his son, and says that he did not remain a single night with his wife, after his work was done there, invariably going to his mother's to spend the night.  He further says that every statement of the other witnesses about his occupying the same room with his wife is false.  As the testimony of the witnesses for the defense was contained in depositions, and the complainant and his counsel must have known their contents before trial, it seems singular, to say the least, that, if he remained nights at his mother's house while in Germantown, he should not have taken measures to have his statement supported by her deposition.  He is, however, entirely unsupported in his entire testimony upon this most vital question, and we do not feel at liberty to rely upon it and discard the testimony of four witnesses who have no pecuniary interest in the result and two of whom are in no wise related to the parties, especially as his statement bears upon its face evidence of great improbability.  Our conclusion is that the bill is not proved and it should

have been dismissed by the court below, and as this was not done the decree of that court will be reversed and an order entered in this court dismissing the bill.

Decree reversed and bill dismissed.