FREDERICK BECKLENBERG, Defendant in Error, *vs.* MARGARET LOVE BECKLENBERG, Plaintiff in Error.

*Opinion filed December 17, 1907—Rehearing denied Feb. 6, 1908.*

1. JURISDICTION—*an objection to jurisdiction of subject matter cannot be waived.* An objection that the trial court had no jurisdiction of the subject matter is one which cannot be waived, even in a divorce case, and may be raised for the first time upon appeal or writ of error. (Contrary expressions in *Peeples* v. *Peeples,* 19 Ill. 269, and *Parker* v. *Parker,* 61 id. 369, overruled.)

2. APPEALS AND ERRORS—*what findings in a decree are not sufficient to sustain it.* Findings in a decree that the court "has jurisdiction of the parties and subject matter and all the material facts charged in complainant's bill of complaint are true," are not, of themselves, sufficient to sustain the decree where the evidence is not preserved in the record.

3. PLEADING—*what is not an admission of one year's residence, in answer to bill for divorce.* An averment in the answer to a bill for divorce that "it is true that the complainant and defendant are and have been actual residents of the State of Illinois for more than one year last past," is not an admission that the complainant has resided in Illinois "one whole year next before" the filing of the bill, where the answer was not filed until several days after the bill alleging such residence was filed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. CHARLES G. NEELY, Judge, presiding.

GEORGE I. HAIGHT, and THOMAS M. HEADEN, for plaintiff in error.

ARNOTT STUBBLEFIELD, for defendant in error.

Per CURIAM:  Frederick Becklenberg filed a bill for divorce against his wife, Margaret Love Becklenberg, in the circuit court of Cook county, on August 13, 1900, charging her with habitual drunkenness.   She filed an answer on August 16, 1900, and upon a trial without a jury, on October 1, 1900, a decree of divorce passed against her, which has been affirmed by the Appellate Court for the First District by a judgment entered on July 2, 1902, and she brings the record to this court by writ of error sued out on January 7, 1907.

No certificate of evidence was taken; and it is urged that the facts found by the decree do not show that the court had jurisdiction of the subject matter, for the reason that the decree does not find, by specific recital, that the complainant had resided in this State one whole year next before filing his bill, and does not find, by like recital, that the proceedings were had in the county where the complainant resided.   It appears from the bill that the complainant was a resident of Cook county, and it was expressly averred that he had been an actual resident of the State of Illinois for more than one year "continuously, immediately preceding the filing of this bill."   The answer stated "that it is true that the complainant and the defendant are and have been actual residents of the State of Illinois for more than one year last past," but contained no allegation in reference to residence in the county and denied the habitual drunkenness charged by the bill.   It will be observed that the answer having been filed three days later than the bill, the admission in the answer in reference to the residence of the complainant was not an admission that he had been a resident of this State for "one whole year next before" the filing of the bill.

The findings of the decree as to the habitual drunkenness charged were sufficiently full and specific to warrant the relief awarded, but the findings of that decree, so far as applicable to the allegations of the bill with reference to residence, are as follows: The court "doth find that it has jurisdiction of the parties and subject matter, and all the material facts charged in complainant's bill of complaint are true." We have expressly held that such findings in a decree are not, alone, sufficient to sustain the decree where the evidence is not preserved in the record. *Village of Harlem* v. *Suburban Railroad Co.* 202 Ill. 301.

Defendant in error insists, however, that as the question of the court's jurisdiction was not raised or passed upon either in the circuit or Appellate Court, it is not now open to consideration. It is true that in *Peeples* v. *Peeples,* 19 Ill. 269, and in *Parker* v. *Parker,* 61 id. 369, this court held that an objection of this character was waived in a suit for divorce unless presented in the court of original jurisdiction. In the case of *Fisher* v. *City of Chicago,* 213 Ill. 268, however, it was held that an objection that the *nisi prius* court has no jurisdiction of the subject matter is one that cannot be waived, but may be raised for the first time on appeal or writ of error. The objection now under consideration being meritorious and one which questions the jurisdiction of the circuit court of Cook county over the subject matter of the suit, (*Way* v. *Way,* 64 Ill. 406; *Sommers* v. *Sommers,* 16 Ill. App. 77; *Bennett* v. *Bennett,* 28 Cal. 599;) must be considered fatal to the decree, even though raised for the first time in this court. *Parker* v. *Parker, supra,* and *Peeples* v. *Peeples, supra,* so far as inconsistent with the view just expressed, can no longer be regarded as the law of the State.

The judgment of the Appellate Court and the decree of the circuit court will be reversed and the cause will be remanded to the circuit court for further proceedings.

*Reversed and remanded.*