<hr/>

## OLSON v. OLSON.

(Second Division. Nome. March 22, 1913.)

### No. 2432.

1. DIVORCE (§ 91*)—"INHABITANT"—"RESIDENT"—PLEADINGS.

The plaintiff in his suit for divorce alleged that he "is and has been a resident of the district of Alaska for the period of more than three years last past." Sections 468 and 469 of the Code of Civil Procedure requires that he shall have been an "inhabitant of the district" for that period. On demurrer, held, that the two allegations are not necessarily inconsistent, and the question of residence or inhabitancy is one depending upon the proof offered.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 287–289; Dec. Dig. § 91.*]

2. ACTION (§ 48*)—PLEADINGS—DIVORCE.

In a suit for divorce, the complaint stated two causes of action: The first to have the marriage contract declared void ab initio; the second for a dissolution of the marriage contract on the ground of cruel and inhuman treatment. On demurrer, held both causes of action arise out of the same transaction, or are connected with the same subject of action, and are properly united in the same complaint under the first subdivision of section 369 of the Code of Civil Procedure.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 450, 471, 490–510; Dec. Dig. § 48.*]

<hr/>

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

The complaint attempts to state two causes of action: The first to have the marriage contract declared void ab initio; the second for a dissolution of the marriage contract on the grounds of cruel and inhuman treatment.

It appears upon the face of the complaint that the marriage was solemnized in the city of Seattle, state of Washington, in the month of April, 1912. It is also alleged that the plaintiff is and has been a resident of the district of Alaska for the period of more than three years last past.

A demurrer was filed challenging the jurisdiction of the court for the reason, as it alleges, it appears upon the face of the complaint that plaintiff was not an inhabitant of the district of Alaska for two years immediately prior to the commencement of the action. The second ground of demurrer is that several causes of action have been improperly united.

G. J. Lomen, of Nome, for plaintiff.

J. F. Hobbes, of Nome, for defendant.

MURANE, District Judge. It becomes necessary to ascertain what is meant by the word "inhabitant," as used in sections 468 and 469, Code of Civil Procedure of Alaska. Are the two allegations of the complaint necessarily inconsistent?

The words "residence," "inhabitancy," and "domicile" are generally used as synonymous. A person may be living in a certain place and not be an inhabitant of the state in which it is situated. In Haymond v. Haymond, 74 Tex. 414, 12 S. W. 90, it was held that an absence by plaintiff from the state or county during a period of six months next preceding the filing of a petition for divorce would not affect his right to maintain the action.

In determining whether a person is an inhabitant of a place or not, actual residence, with his personal presence in such place, is one circumstance in determining it, but it is far from being conclusive. It depends upon many other circumstances besides actual presence. If one departs from his fixed abode on business of a temporary nature or a pleasure trip, but with the intent to return, he is still an inhabitant of the city

4 A.R.—40

or state from which he departed with such intent to return. Sears v. City of Boston, 1 Metc. (42 Mass.) 250; Way v. Way, 64 Ill. 406; Wallace v. Wallace, 62 N. J. Eq. 509, 50 Atl. 788; United States v. Penelope, 27 Fed. Cas. 486; Miller v. Eastern Oregon Gold Mining Co. (C. C.) 45 Fed. 345.

From the foregoing authorities, it will be seen the two allegations are not necessarily inconsistent, and the question of residence or inhabitancy is one depending upon the proof offered.

On the other ground of demurrer, to wit, improper joinder of causes, sections 369 and 464, Code of Civil Procedure, would seem to be decisive. Both causes of action arise out of the same transaction, or are connected with the same subject of action, and are properly united in the same complaint under the first subdivision of section 369 of the Code. Bliss in his work on Code Pleading, § 126, very clearly lays down the rule.

For the reasons herein stated, the demurrer should be overruled; and it is so ordered.