Martin J. Regan, Plaintiff in Error, v. Chicago, Milwaukee & St. Paul Railway Company. Henry R. Rathbone, Defendant in Error.

### Gen. No. 6,320.

1. APPEAL AND ERROR, § 420*—*when objection in trial court that petition by client to determine right of attorney to lien is premature is necessary.* Where the plaintiff in an action filed a petition therein alleging he had never authorized such action or employed the attorney appearing of record therein for him, and that such attorney had filed with the defendant notice of an attorney's lien and asking that the attorney be required to answer and make a showing and that the court determine his right to a lien and fix his compensation, *held* that such petition was premature, as no recovery in the plaintiff's favor had been had and no attorney's lien had attached, but such attorney having answered and made no objection the Appellate Court would not, on its own motion, refuse to consider such petition because premature.

2. APPEAL AND ERROR, § 269*—*what constitutes a final order.* An order on a petition filed by the plaintiff in an action as to an attorney's lien filed with the defendant therein prior to any recovery in the plaintiff's favor in such action recognizing and al-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

lowing such lien, *held* so far a final order as to be reviewable by the Appellate Court on writ of error.

3. ATTORNEY AND CLIENT, § 55*—*what are rights of client as to termination of relation.* A client has the right to terminate the relation between himself and his attorney at his election with or without cause, and the existence or nonexistence of a valid cause for discharge of the attorney bears only on his right to compensation, and such right is not affected by a previous arrangement for a contingent fee.

4. TRIAL, § 82*—*when denial of right to introduce further testimony in rebuttal is erroneous.* Where a party to an action rested his case upon the opposite party's statement that he would introduce further testimony, which he did not do, *held* that a refusal by the court to allow the former party to introduce further testimony in rebuttal was erroneous and an abuse of a sound judicial discretion.

Error to the City Court of Elgin; the Hon. FRANK E. SHOPEN, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed February 10, 1917.

PAUL F. COMPART, for plaintiff in error; ROBERT D. MELICK, of counsel.

FRANK L. TUTTLE, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

In January and February, 1916, there was pending in the City Court of Elgin a suit wherein Martin J. Regan was plaintiff and the Chicago, Milwaukee & St. Paul Railway Company was defendant, and in which Henry R. Rathbone had appeared as attorney for plaintiff. On a motion by plaintiff made on January 22nd and granted on February 5th, Paul F. Compart was substituted as attorney for plaintiff in place of Rathbone. On February 26th, by leave of court, plaintiff filed a petition in said cause, in which he stated that his cause of action stated in the declaration was by him placed in the hands of Joseph McGreevy for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

adjustment and settlement; that Rathbone either started said suit of his own initiative or with the knowledge and acquiescence of McGreevy under some independent arrangement between them, not authorized by plaintiff; that he never had any agreement with Rathbone as to any fee or compensation to Rathbone, but that Rathbone filed an attorney's lien with defendant and makes claim thereunder, and that all this was without authority, either direct or indirect, from plaintiff, and that when plaintiff learned of this he repudiated this action and notified Rathbone thereof, and that he had had Compart substituted as his attorney in the case in place of Rathbone; that he desired to do equity, and asked the court to fix a reasonable fee for Rathbone for what he had done in the case, and that Rathbone be required to answer and show what he had done, and to attach a copy of any instrument under which he claims a lien, and that the court on a hearing determine whether or not Rathbone is entitled to a lien on said cause of action. Rathbone answered, alleging that he had been employed by Regan in the case, attaching a copy of a contract made by Regan with him, a copy of his notice of attorney's lien, served on defendant, stating what he had done in the case, that he had been discharged without his fault and asking that he be decreed a lien amounting to one-third of any amount which may be obtained by suit or settlement of said cause of action. Proofs were heard and an order was entered that Rathbone have a lien on one-third of what might be recovered in that cause. Plaintiff has sued out this writ of error to review said order.

We have serious question whether this petition was not prematurely filed. The statute (Hurd's Rev. St. 1916, page 1667, J. & A. ¶ 611) does not say when such a petition shall be filed, but it provides that, under the petition there authorized, the court shall adju-

dicate the rights of the parties and enforce a lien. There is no lien that can now be enforced. The lien, if any, is inchoate only. If the railway company should succeed in the litigation, there will be nothing upon which the lien can attach. The railway company is not made a party to this petition. The record before us does not show that it has ever been served with summons or ever appeared in the suit. If it should hereafter settle with plaintiff, it will have a right to claim, as plaintiff here claims, that plaintiff did not sign a contract with Rathbone. It will not be bound so far as here appears, by any order under the present petition. Before the case reaches a final judgment favorable to plaintiff, there may be other attorneys, not now in the case, who will have a right to contest with Rathbone his right to a lien. But Rathbone did not file this petition to establish his lien. Plaintiff filed the petition to establish that Rathbone had no right to a lien, and Rathbone did not object that the petition was premature but joined issue and tried the question. We conclude that we should not of our own motion refuse to consider the petition as premature.

Rathbone has moved to dismiss this writ of error on the ground that the order sought to be reviewed is not final. The order gives Rathbone a lien upon any verdict or judgment which may be recovered in said suit and upon any money or property which may be obtained upon said cause of action. Everything is fixed except the amount, which will be a matter of computation after a verdict, or a judgment has been recovered or a settlement has been made. This seems to us final within the rule we recognized in *Sammis v. Poole,* 89 Ill. App. 118, and, as to the only party who appealed therefrom, that decree was affirmed in *Sammis v. Poole,* 188 Ill. 396. We conclude that the order is so far final that it can be reviewed by writ of error.

Regan v. Chicago, Milwaukee & St. Paul Ry. Co., 204 Ill. App. 115.

As in the view we take this cause must be tried again, we think it unnecessary to discuss in detail the testimony introduced by the respective parties. We think it sufficient to say that the apparent preponderance of the evidence is to the effect that Regan did not enter into the alleged contract with Rathbone. If he did not, then Rathbone has no such lien as he here claims. Whether he did or not, Regan could no doubt discharge him. 2 R. C. L. 957 states what we conceive to be the true rule, as follows: "The authorities universally recognize the right of a client to terminate the relation between himself and his attorney at his election, with or without cause, the existence or non-existence of valid cause for the discharge of the attorney bearing only on his right to compensation. This power cannot be affected by a previous arrangement between the parties, as, for instance, by a contract for a contingent fee." We are also of the opinion that the court erred in refusing to admit testimony offered by plaintiff in rebuttal. True, plaintiff had stated that he rested; but this was upon the statement by Rathbone that he would introduce further testimony. When Rathbone declined to offer further testimony at the next session of court, we think in the exercise of a sound judicial discretion plaintiff should have been allowed to offer his further proof. There was no jury and the court had repeatedly postponed the case from time to time to accommodate the parties, and plaintiff should not have been deprived of the right to offer further testimony. The order is therefore reversed and the cause remanded.

*Reversed and remanded.*