## S. M. Clark and H. E. Hutton, as Intervening Petitioners in the case of Louis J. Bremer, Public Administrator, Administrator of the Estate of Jesse C. Reeves, Deceased, Appellees, v. Lake Erie & Western Railroad Company, Appellant.

### Gen. No. 7,667.

1. ATTORNEYS—*lien under statute extends to what.* The statute allowing an attorney's lien covers only such fees as may have been earned on account of the suit, claim, judgment or cause of action in which the judgment or allowance for fees is rendered.

2. ATTORNEYS—*when petition to enforce lien against settlement is premature.* In an action for the negligent death in this state of a resident of Indiana, begun by the public administrator in the county where the injury occurred under an agreement with attorneys for a contingent fee where a plea was filed reciting that the administrator in the other state and the widow of deceased had compromised and settled their claim with defendant, and the attorneys then filed an intervening petition to establish an attorney's lien for fees based on the amount of the settlement, the filing of such intervening petition was premature inasmuch as the special plea in bar filed by defendant raises the question of the right of the public administrator to recover and that matter is still undetermined.

3. ATTORNEYS—*right to compensation not tried in lien procedure.* The right to file a petition for an attorney's lien is given to enforce the lien which attorneys may be entitled to and to adjudicate their rights in reference thereto; but where the question to be determined is one solely of liability for attorneys fees it is to be determined like any other question of liability or the enforcing of a right to recover money claimed to be due.

Appeal by defendant from the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the October term, 1923. Judgment reversed and cause remanded with directions. Opinion filed April 30, 1924.

H. M. STEELY and H. M. STEELY, JR., for appellant; JOHN B. COCKRUM and J. G. McKAY, of counsel.

CLARK & HUTTON, *pro se,* for appellees.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

Jesse C. Reeves, a resident of Tipton, Indiana, and an employee of the Lake Erie & Western Railroad Company, in the capacity of locomotive fireman, was killed in a train collision, October 15, 1922. On October 23, 1922, Louis J. Bremer, public administrator of Vermilion county, filed a petition in the probate court setting forth that Jesse C. Reeves died intestate in Vermilion county on October 15, 1922, and that he left as personal property a cause of action for his death against the Lake Erie & Western Railroad Company, and that the petitioner was informed and believed that the decedent left him surviving Jennie Reeves his widow, and no child, nor children, nor descendants of any child or children, and prayed for letters of administration to be granted to him as public administrator in the estate of the deceased; and letters of administration were granted to him. Immediately thereafter, he filed a petition in the probate court for authority to employ attorneys to represent him as administrator; and to institute a suit against the railroad company referred to for causing the death of the decedent, and, inasmuch as there was no estate of the decedent in Illinois, for leave to make a contract with said attorneys for a contingent fee amounting to a sum equal to one-third of the amount that might be recovered; and the court upon the basis of the petition authorized such a contract to be made by the administrator; and thereupon the administrator entered into a contract, as party of the first part, with Clark & Hutton, attorneys, as parties of the second part. And the contract contains the following stipulation: "The said first party hereby employs and retains said second party to ask, demand, receive, prosecute, compromise and settle a certain claim, demand and cause of action for damages against L. E. & W. Railroad Company, a corporation,

and for and growing out of the death of said Jesse
C. Reeves, in a train wreck on to-wit: October 15,
1922, between Rankin and East Lynn, Illinois, and au-
thorizes said second party to effect said settlement
by suit at law or chancery or with consent of said
first party as to the amount to compromise and re-
lease in any manner they may deem wise and proper,
for said party's best interests; and the said first
party agrees to pay said second party for their services
in said premises a sum of money equal to 33⅓ per
cent of all moneys recovered or obtained by either
suit or compromise." Thereupon, a suit was insti-
tuted in the Circuit Court of Vermilion county on
October 24, 1922, by Louis J. Bremer, as administra-
tor of the estate of Jesse C. Reeves, deceased, against
the appellant, Lake Erie & Western Railroad Com-
pany, to recover damages, alleging that the death of
Jesse C. Reeves was caused by wilful and wanton neg-
ligence which brought about the collision in which
he was killed; and that the suit was for the benefit of
the next of kin of said deceased. To the declaration
the general issue was filed, also a special plea, in
which it is alleged that Jesse C. Reeves, at the time
of his death, was a resident and citizen of Tipton
county, Indiana; and that his home and domicile as
well as that of his wife was in said county and state;
and that neither he nor his wife were residents or
citizens of the State of Illinois; that after the acci-
dent which caused the death of Reeves, the Farmers
Loan & Trust Company of Tipton, Indiana, was ap-
pointed administrator of the estate of said Jesse C.
Reeves, deceased, in the State of Indiana, by the Cir-
cuit Court of Tipton county, and had duly qualified
as such administrator and was still acting as such.
The plea also avers that the administrator mentioned,
and the widow of the deceased, agreed with the rail-
road company upon an amount to be paid in settle-
ment for the death loss of said deceased, namely, the

sum of $6,500; and that thereupon a petition had been filed by the administrator in the Circuit Court of Tipton county, Indiana, and the settlement agreed upon was authorized and approved by the court; and that the administrator upon the payment made of said sum from the railroad company was authorized to release the appellant from all liability, or claim of liability, for and on account of the death of said Jesse C. Reeves. The plea also avers that thereafter this sum of $6,500 was paid by the railroad company to the administrator, namely, on November 24, 1922; and that the Farmers Loan & Trust Company, as administrator, executed and delivered to the railroad company a release and discharge from all liability and demands against it, and especially from all rights for damages of every kind and nature or description, arising from injuries suffered, or death of said Jesse C. Reeves, while in the employ of the railroad company on or about the 15th day of October, 1922. In this state of the case, Clark & Hutton, attorneys at law, filed their intervening petition to foreclose a lien for attorneys' fees, which they claimed to be due them under their contract with Louis J. Bremer, as administrator of the estate of Jesse C. Reeves, deceased, appointed in Vermilion county. The petition recites the fact that Reeves was in the employ of the appellant and met his death in Vermilion county in the collision that occurred as alleged in the declaration; and that letters of administration had been granted to the public administrator, Bremer, and that the administrator named had employed and retained them as attorneys under the order and direction of the probate court; and recites the contract made between them and the administrator for the contingent fee of 33⅓ per cent of all moneys recovered or obtained by either suit or compromise; and that they served a notice upon the appellant for attorney's lien on October 25, 1922; and that thereafter they rendered serv-

ices in the case, investigated the facts, instituted the suit in question for the administrator, etc.; and that thereafter said claim and cause of action had been settled by the appellant with an administrator of the estate of Jesse C. Reeves, appointed in Tipton county, Indiana, for the sum of $6,500; and that said administrator in Tipton county, Indiana, had been appointed after the institution of the suit in question, and after the petitioners had served a notice on the appellant of attorney's lien under the Act of the General Assembly ''creating attorney's lien and for enforcement of same.'' (Cahill's Ill. St. ch. 13, ¶ 13.) The petition also recites that the settlement made in Tipton county, Indiana, was made without their knowledge or consent; and that under their contract, and in accordance with the attorney's lien law, they are entitled to a sum equal to one-third of said $6,500 under their contract with the public administrator of Vermilion county, and therefore pray that they may intervene in said cause; and that a hearing be had on said intervening petition; and that upon a hearing thereof the court may enter a finding and order in favor of the petitioners against the appellant; and enter a judgment against the appellant in the amount of said fees and for a lien; and shall order and direct payment of the same to petitioners by the appellant; and direct an execution to be issued for the collection of such judgment, to be granted on such hearing. To the intervening petition, the appellant filed an answer denying the right of the attorneys to maintain their intervening petition; and denying their right to a lien and to a judgment, and to the relief prayed for. A hearing was had on the petition which resulted in a finding by the court in favor of the petitioners for an attorney's lien; also in the rendition of a judgment against the appellant in the sum of $2,166.66, and costs of suit. From this order and judgment an appeal is prosecuted.

There is no controversy about the facts upon which the intervening petitioners base their right to a lien and to recovery of a judgment for attorney's fees. The facts which appear from the pleadings in the case, the orders of the probate court of Vermilion county, and the contract made with the petitioners by the Vermilion county administrator of the estate of Jesse C. Reeves, and the notice for a lien which was served upon the appellant, are all undisputed. It appears from the proceedings instituted in the probate court by the public administrator for appointment as administrator of Jesse C. Reeves' Estate, and from the petition for an order to authorize the employment of the intervening petitioners, as attorneys, and from the contract made with petitioners by the Vermilion county administrator, and from the notice of lien served on appellant, that all these matters had references to the same thing—namely, to the cause of action, and claim for damages, which the Vermilion county administrator claimed to have against the appellant, and embodied in the suit filed by him in Vermilion county; and it is upon this basis only that the intervening petitioners can rest their claim for the relief sought by the petition. It is well settled that "the statute allowing an attorney's lien covers only such fees as may have been rendered on account of the suit, claim, judgment or cause of action in which the judgment or allowance for fees is rendered." *Chicago Junction Ry. Co. v. Leitch*, 215 Ill. App. 67. The cause of action and claim for damages referred to is still pending and undetermined. It is therefore not necessary, on this appeal, to pass upon the merits of the claim of the Vermilion county administrator; whether he had, by virtue of his appointment, a right to prosecute an action and claim for damages; or a priority over the nonresident widow and next of kin of the deceased, and the domiciliary administrator in Indiana; or whether the pub-

lic administrator of Vermilion county could, by the action taken by him, legally forestall an action or proceedings which the widow and next of kin might have desired to undertake; or any settlement they might desire to make in reference to their claim for damages; or whether the fact that the deceased met his death in Vermilion county gave the public administrator of that county a right *ipso facto* to be appointed to prosecute a suit or claim for damages. It is sufficient for the determination of the questions pertinently arising on this appeal to point out that the special plea in bar filed by appellant in the case instituted by the Vermilion county administrator raises the question of the right of that administrator to recover; or whether he is barred by the settlement made by the widow and the domiciliary administrator in the State of Indiana. The right of the Vermilion county administrator to bring suit and to recover damages, as well as the amount of the damages he might recover, are undetermined matters. The filing of the intervening petition therefore appears to be premature. *Regan v. Chicago, M. & St. P. Ry. Co.,* 204 Ill. App. 115. Moreover, it is apparent that there is nothing in the suit in which the petition was filed which could be reached by the petition, or to which an attorney's lien could attach, even though the money realized by the settlement of the administrator in the State of Indiana had been realized through that suit, inasmuch as the money had all been paid over by the appellant before the filing of the intervening petition. The legal situation under these circumstances is the same as that referred to by the Supreme Court in *Baker v. Baker*, 258 Ill. 418: ''Should the defendant or debtor ignore the notice claiming a lien and settle in full directly with his adversary, there is no specific property left in his hands which could be applied to the payment of the attorney's fees upon foreclosure or other proceedings to enforce

the lien. The only recourse that an attorney has under those circumstances is to bring suit, recover a judgment and collect it in the ordinary way.'' The right to file a petition is given to enforce the lien which attorneys may be entitled to, and to adjudicate their rights in reference thereto. But where the question to be determined is one solely of liability for attorney's fees, it is to· be determined like any other question of liability, or of enforcing a right to recover money claimed to be due, namely, in an ordinary suit at law.

For the reasons stated, we are of opinion that the intervening petition was premature, and that the judgment is eroneous. The judgment is therefore reversed and the cause remanded with directions to dismiss the petition.

*Judgment reversed and cause remanded with directions.*