**George T. Thoresen, Appellee, v. Margaret Thoresen et al., Appellants.**

**Gen. No. 39,731.**

Opinion filed December 31, 1937.   Rehearing denied January 12, 1938.

OLAF E. RAY and CHARLES H. PEASE, *pro se.*

ALFRED O. ERICKSON, of Chicago, for appellee.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

George T. Thoresen, plaintiff, filed a complaint for divorce on March 16, 1936, against his wife, Margaret Thoresen (hereinafter referred to as defendant), and she filed a cross complaint for divorce against him March 18, 1936.   The decree was entered on the cross complaint March 19, 1936, in favor of Margaret Thoresen, granting her a divorce, dismissing plaintiff's complaint for want of equity, and, after reciting that the parties had entered into a settlement of their

property rights, ordered that plaintiff pay defendant $3,000, "in full settlement of all claims for alimony" and $250 "in full settlement of all claims for attorneys' fees." Defendant acknowledged in open court the receipt of the foregoing amounts. The decree also awarded defendant a small cottage at Long Lake, Illinois, of the approximate value of $1,200, and half of the family furniture. After the decree had been entered in the divorce proceeding Olaf E. Ray and Charles H. Pease (hereinafter for convenience referred to as petitioners) filed a petition therein seeking to enforce an attorney's lien for fees against George T. Thoresen, pursuant to a notice served on him March 14, 1936, which recited their alleged employment as attorneys by defendant, Margaret Thoresen. May 14, 1937, an order was entered denying the petition of Olaf E. Ray and Charles H. Pease for attorneys' fees and June 7, 1937, an order was entered denying their motion to vacate the order of May 14, 1937. This appeal seeks to reverse the orders of May 14, 1937, and June 7, 1937.

The petition of attorneys Ray and Pease for the enforcement of their purported lien for fees against plaintiff in the divorce proceeding alleged substantially that they were lawyers, duly licensed and practicing in the courts of the State of Illinois; that on or about February 27, 1936, Margaret Thoresen "employed them as her attorneys to prosecute and handle her claim and demand for a divorce and for alimony and support and adjustment of property rights between her and the above named George T. Thoresen, her husband"; that "no definite amount was fixed or agreed upon between your petitioners and said Margaret Thoresen as a fee or compensation for the service to be rendered in that behalf by your petitioners, but it was agreed and understood that your petitioners should receive the reasonable value of the services to

be rendered in that behalf''; that pursuant to said employment they proceeded to investigate the financial circumstances of George T. Thoresen and to negotiate with his attorney ''to obtain a proper adjustment of all property rights between said Thoresens, and for the purpose of obtaining from said George T. Thoresen a fair and satisfactory amount in cash and transfer of property, suitable and proper in consideration of all the facts regarding the respective rights and interests of said parties''; that ''while said investigation and negotiations were pending'' and after service of the notice on plaintiff of petitioners' claim for an attorney's lien on plaintiff, the latter's attorney concluded through Harry X. Cole, another attorney, who had been employed by Mrs. Thoresen, a settlement ''of her said claim and demand whereby said Margaret Thoresen . . . received from said George T. Thoresen in lieu of alimony in gross and full settlement and adjustment of all property rights and claims on her part against said George T. Thoresen, the sum of $3,000 in cash, a summer cottage at Long Lake, Illinois, said to be worth about $1,200, and one-half of the furniture formerly possessed and used by said Thoresens prior to their separation''; that in the performance of their duties under their employment by Margaret Thoresen the petitioners spent in excess of twenty hours time in services rendered in her behalf, and that the reasonable value of such services is more than $200; that March 14, 1936, they served upon plaintiff by registered mail a notice of their claim for an attorney's lien in the following form:

''You are hereby notified that we, the undersigned, Olaf E. Ray and Charles H. Pease, have been retained and employed by your wife, Margaret Thoresen, as her attorneys, to prosecute and handle her claim and demand for a divorce, for alimony and support and adjustment of property rights between you and her, and

that we are interested in said claim and demand to the extent of the reasonable value of the services rendered and to be renderd in that behalf; and we have and hereby claim a lien upon her said claim and demand for a reasonable fee for the services so rendered and to be rendered.'' The petition concludes with a prayer that the petitioners' ''rights and interest in the premises may be adjudicated, that your petitioners may be found and decreed to have an attorneys' lien by virtue of the statute in such case made and provided upon the said claim and demand and the proceeds of settlement thereof, for the value of their said services and expenses as aforesaid, and that the amount thereof may be found and determined and that the said George T. Thoresen may be adjudged and decreed to pay your petitioners the amount so determined.''

Leave was granted to file the petition March 24, 1936, and hearings were had on it by the judge who entered the divorce decree. It is only necessary to say as to this phase of the proceeding that after that judge had taken the matter under advisement he was assigned to the criminal court and did not render a decision on the petition. May 24, 1937, upon petitioners' motion to set their petition for hearing, Judge John C. Lewe, to whom the cause was at that time assigned, declined to do so and entered the following order:

''On motion of Solicitors Olaf E. Ray and Charles H. Pease for attys fees, the Court having heard the arguments of respective counsel & being fully advised,

''It is hereby ordered that petition of Olaf E. Ray & Charles H. Pease for attorney's fees herein be and the same hereby is denied.''

June 7, 1937, upon presentation of petitioners' motion to vacate the order of May 24, 1937, denying their petition for the enforcement of their purported attorneys' lien for fees, this order was entered:

"On Motion of Charles H. Pease to vacate and set aside order of May 14th, Court having jurisdiction and being fully advised that Attorneys Charles H. Pease, Alfred O. Erickson, and Harry X. Cole, appeared in Court on May 14th, on motion of Charles H. Pease to set his petition for fees and costs for hearing, and the Court at that time having gone into the matter fully and having heard the arguments of each of the respective three attorneys, and the Court having found at that time upon said full hearing that the Court had no jurisdiction to grant fees and costs to Attorneys Charles H. Pease and Olaf E. Ray, and the Court having found that said attorneys were not entitled to attorney's fees and costs in this case;

"It is therefore ORDERED that motion to vacate and set aside order of May 14th, be, and the same hereby is denied."

Petitioners' contentions as stated in their brief are "that, having been employed by Margaret Thoresen to prosecute her claim against her husband, and having given him notice of their claim for lien, they became entitled to a lien on her claim and demand; and that he should have reserved in the subsequent settlement sufficient money to cover such lien, and he having failed to do so, petitioners are entitled to a money decree or judgment against George T. Thoresen for the amount of the value of their services, whether rendered before or after the commencement of the suit for divorce, and that such decree or judgment may properly be entered in the proceeding wherein the claim was determined and enforced."

The theory of plaintiff is that "no attorney's lien can exist with reference to any claim in a divorce proceeding."

The real question presented is whether our statute providing for an attorney's lien for fees is applicable to claims incident to a divorce proceeding. The Attor-

ney's Lien Act (ch. 13, par. 13, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 9.13) provides as follows:

"That attorneys at' law shall have a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or in the absence of such agreement, for a reasonable fee, for the service of such attorneys rendered or to be rendered for their clients on account of such suits, claims, demands or causes of action. Provided, however, such attorneys shall serve notice in writing, which service may be made by registered mail, upon the party against whom their clients may have such suits, claims or causes of action, claiming such lien and stating therein the interest they have in such suits, claims, demands or causes of action, and such lien shall attach to any verdict, judgment or decree entered and to any money or property which may be recovered on account of such suits, claims, demands or causes of action, from and after the time of service of the aforesaid notice. On petition filed by such attorneys or their clients any court of competent jurisdiction shall, on not less than five days' notice to the adverse party, adjudicate the rights of the parties and enforce such lien in term time or vacation."

In our opinion the provision of the statute "*that attorneys at law shall have a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection or upon which suit or action has been instituted,*" properly construed, can refer only to claims or causes of action for damages whether liquidated or unliquidated. A divorce proceeding or any claims connected with or

growing out of it certainly do not come within the category of claims or demands for damages as specified in the act. The primary object of an action for divorce, in which the State is an interested party, is the dissolution of the marriage relationship and the hus-. band's income and property are only involved incidentally therein. Under our Divorce Act a wife who is granted a decree of divorce is entitled to alimony if the allowance of same is warranted by the circumstances and it is entirely up to the court to decide whether same, if allowed, shall be payable in instalments or in a lump sum as was done here.

The inherent nature of a divorce proceeding wherein a wife, if she prevails, may be awarded as an incident to her decree of divorce not damages but an allowance for her support and wherein the only allowance for attorney's fees provided for or contemplated by the Divorce Act is to the wife, precludes the applicability of the Attorney's Lien Act to such proceeding. When it is considered that the husband could make no binding settlement with his wife of either property rights or alimony in a divorce proceeding without the approval of the court, the fallacy of petitioners' contentions and their argument in support thereof becomes immediately apparent. If, instead of approving the payment of alimony in a lump sum, the court had disapproved such payment and ordered the alimony paid in weekly or monthly instalments, we think that it would not or could not be seriously urged that plaintiff, because of the service of the notice on him of petitioners' claim for an attorney's lien for fees, was bound to withhold a portion of each of such instalments to satisfy said petitioners' claim to avoid being otherwise chargeable with the payment of such fees. If a lien for attorney's fees is unforceable as to alimony ordered to be paid in instalments, it is just as unen-

forceable where the alimony is ordered to be paid in a lump sum.

It has been repeatedly held to have been erroneous to direct the payment of fees to attorneys in a divorce proceeding. The statute authorizes the court to compel the husband, where the facts warrant, to pay for the service of his wife's attorney on the theory that in many cases, because of lack of financial means, she would otherwise be at a disadvantage in being able to properly prepare and present her case, and when such allowance is made for an attorney's fees, it must be to the wife and not to the attorney. Counsel has cited no case in this or any other jurisdiction and diligent search has failed to reveal one holding that the statute providing for an attorney's lien for fees is applicable to an action for divorce or any claim incidental thereto. In so far as we have been able to ascertain the precise question under consideration has never been presented to any court of review and the fact that it has not been is unquestionably due to general recognition on the part of the members of the bar that it was not contemplated that the Attorney's Lien Act would have any applicability to divorce proceedings or claims or demands incidental thereto. It is not intended by this statement to reflect upon the good faith and honesty of appellants in presenting their claim.

Other points have been urged but in the view we take of this cause we deem it unnecessary to discuss them.

For the reasons stated herein the orders of the superior court of May 14, 1937, and of June 7, 1937, are affirmed.

*Orders affirmed.*

FRIEND, P. J., and SCANLAN, J., concur.