(No. 27421.—

EVALINE McFARLIN, Appellant, *vs.* CLIFFORD McFARLIN, Appellee.

*Opinion filed November 16, 1943.*

W. W. DAMRON, for appellant.

LLOYD H. MELTON, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

By this appeal appellant seeks to reverse an order of the city court of Harrisburg, entered in a divorce action in which she as plaintiff obtained a divorce from appellee on the grounds of extreme and repeated cruelty. The decisive issue is as to the jurisdiction of the court. A constitutional question is raised which involves the validity of the proviso to section 5 (Ill. Rev. Stat. 1941, chap. 40, par. 6,) of the Divorce Act. The cause comes to this court by direct appeal.

Evaline McFarlin was plaintiff in the divorce action, defended against a petition to vacate the divorce decree entered in her favor, and is appellant here. She will be referred to as plaintiff. Clifford McFarlin will be referred to as defendant.

The decree entered in May, 1942, awarded a divorce, the custody of the children, and approved a contract of settlement in reference to support and maintenance of the children. From the entry of the decree to December 24, 1942, the parties abided by its terms. On the latter date, defendant filed a petition in the original cause in which he prayed that the decree be declared void and set aside. Two grounds were alleged—one that neither of the parties had a residence in the city of Harrisburg when the divorce

was granted, and that the decree was granted by the judge of the city court of Eldorado, who had not been properly called to preside in the city court of Harrisburg. The trial court sustained the first ground and vacated the decree. The only point urged by either party on this appeal is in reference to residence. Plaintiff contends that section 5 of the Divorce act authorizes the procedure adopted, and that by its terms the city court had jurisdiction to hear and adjudge the case. Defendant contends said section is unconstitutional insofar as it attempts to confer jurisdiction on the city courts to grant divorces to persons who are not citizens of the city wherein said court is held.

It appeared on the face of the complaint that plaintiff was a resident of Saline county when the suit was filed and had been a resident of the State for more than twenty years, but it contained no reference as to whether her residence was within or without the city of Harrisburg. The decree of divorce contained no reference whatsoever as to residence. The evidence introduced on the divorce hearing is not in the record in this case. The petition to vacate the decree and the order granting the prayer of the petition contain allegations as to defendant's place of residence, but, in view of the language of the statute involved and the conclusions reached, it will not be necessary to consider anything in reference to defendant's residence.

Jurisdiction of the subject matter is the power of a court to hear and determine causes of the general class to which the proceeding in question belongs, and such jurisdiction is always conferred by law. In its application to a certain controversy, jurisdiction means the power and authority to hear and determine the issues involved in the cause. *Woodward* v. *Ruel,* 355 Ill. 163; *People* v. *Ford,* 289 Ill. 550; *Oakman* v. *Small,* 282 Ill. 360.

Courts of equity have no inherent power in cases of divorce. The jurisdiction of such courts to hear and determine divorce matters is conferred only by statute.

While such courts may exercise their powers within the limits of the jurisdiction conferred by the statute, the jurisdiction depends upon the grant of the statute and not upon general equity powers. *Johnson* v. *Johnson,* 381 Ill. 362; *Smith* v. *Smith,* 334 Ill. 370.

Section 2 of the Divorce Act (Ill. Rev. Stat. 1941, chap. 40, par. 3,) directs that no person shall be entitled to a divorce who has not resided in the State one whole year next before the filing of the complaint, unless the offense or injury complained of was committed within the State or while one or both of the parties resided in this State. Section 4 (par. 5) confers the power upon the circuit courts of the respective counties and the superior court of Cook county to hear divorces and matters of alimony. Section 5 (par. 6) is the venue section. Prior to the amendment of 1939, it provided that "The proceeding shall be had in the county where the plaintiff resides, but process may be directed to any county in the State." The amendment of 1939 added the following: "Provided such proceedings may be had in any court of the county, where the plaintiff so resides, that may have jurisdiction to hear and determine divorce proceedings, upon written entry of appearance by the defendant, being filed therein."

It is contended the amendment contravenes section 1 of article VI of the constitution in that it undertakes to extend jurisdiction of city courts beyond constitutional limits. The constitutional provision referred to authorizes the creation of various courts and as to city courts it provides "And such courts as may be created by law in and for cities and incorporated towns." Soon after the adoption of the constitution, the legislature gave expression to the foregoing provision by the enactment of an act entitled "An act in relation to courts of record in cities." (Ill. Rev. Stat. 1874, p. 345.) Section 1, (Ill. Rev. Stat. 1941, chap. 37, par. 333,) which is the only one pertinent

in this case, has undergone various amendments, but, as it now is, it provides that city courts "shall have concurrent jurisdiction with the circuit court within the city in which the same may be in all civil cases both law and chancery and in all criminal cases arising in said city."

In support of defendant's contention that the amendment contravenes section 1 of article VI of the constitution, he cites *Werner* v. *Illinois Central Railroad Co.* 379 Ill. 559, and argues that the holding in that case is controlling here. Such contention is based on a misapprehension of the question decided in the *Werner case* and its irrelevancy to the one presented here. In the *Werner case,* the question raised pertained to the jurisdiction of city courts as it might be affected by the place where the cause of action arose. It was held that the court had no jurisdiction for the reason that the cause of action sued upon did not arise within the city limits of the city in which the court was located. In this case, defendant's attack upon the divorce decree is limited to the question of venue as controlled by plaintiff's residence. Furthermore, there is nothing in the pleading in the divorce matter, the decree of divorce or the pleading or evidence in this case which makes any reference to the place where the cause for divorce arose. It is conceded that the showing as to plaintiff's residence when the suit was started and defendant's entry of appearance brings the factual situation within the terms of the amendment. Under such circumstances the discussion must be limited to the constitutional question presented.

It will be noted that section 2 of the Divorce Act makes the residence of the plaintiff in the State for a specified period, unless it comes within the exception, a jurisdictional prerequisite. Its effect is to withhold from a court the power to hear and determine divorce matters unless the factual situation in reference to plaintiff's residence brings the case within the statute. Section 5 covers a

different subject matter and fixes the venue. By its terms the residence of the plaintiff within the proper subdivision of the State is the factor that controls the venue. The section as it was before the 1939 amendment appeared in the laws of 1845. (Ill. Rev. Stat. 1845, p. 197.) In that form it was before this court in *Way* v. *Way*, 64 Ill. 406. It was held that this section was mandatory. It was said: "The language is imperative, and excludes the right to commence proceedings in any other county, than the one in which the residence of the complainant is fixed. Residence is made a prerequisite to the existence of the right to file the bill." Also see *Dean* v. *Dean*, 381 Ill. 514; *In Re Estate of Goldberg*, 288 Ill. App. 203; *Horix* v. *Horix*, 256 Ill. App. 436; *Sommers* v. *Sommers*, 16 Ill. App. 77. The amendment would not change this rule but, if valid, would have the effect of extending the availability of city courts in divorce matters to persons residing outside the city limits of the city but within the county in which the court was located.

Many cases have come to this court which involved questions as to the extent of jurisdiction of city courts. In some the validity of a statute which undertook to extend the area over which the city court might exercise jurisdiction beyond the territorial area of the city in which the court was located was involved, as in *People ex rel. Beebe* v. *Evans*, 18 Ill. 361. In others the question arose on the power of the court to send its original process for service beyond the territorial limits of the city within which the court was situated. See *Covill* v. *Phy*, 26 Ill. 433; *Holmes* v. *Fihlenburg*, 54 Ill. 203; *Gardner* v. *Witbord*, 59 Ill. 145; *Dixon* v. *Dixon*, 61 Ill. 324; *Joslyn* v. *Dickerson*, 71 Ill. 25; *Ladies of Macabees* v. *Harrington*, 227 Ill. 511; *Wilcox* v. *Conklin*, 255 Ill. 604; *People ex rel. Carlstrom* v. *City Court of East St. Louis*, 338 Ill. 363. In *Reid* v. *Morton*, 119 Ill. 118, it was held that a city court had a right to order a sale of real estate in a

guardianship proceeding where the property in question was located beyond the territorial limits of the city but within the same county. In *Miller* v. *People,* 183 Ill. 423, the rule announced was that as to city courts the calling of grand-jurors from the county beyond the territorial limits of the city did not have the effect of extending the jurisdiction of a city court beyond the city limits, that such procedure was not a matter affecting the jurisdiction of a court. In *Ladies of Macabees* v. *Harrington,* 227 Ill. 511, the question was as to the venue of a suit against an insurance company. The rule as to sending original process for service beyond the territorial limits of the city was adhered to but it was held that the statute in question in that case should not be construed as applying to city courts. In *Werner* v. *Illinois Central Railroad Co.* 379 Ill. 559, the jurisdiction of city courts was considered as affected by the place where the cause of action arose.

In each of these classes of cases, whether under the constitution of 1848 or the present constitution, this court has adopted the reasoning of *People ex rel. Beebe* v. *Evans,* 18 Ill. 361, that the constitutional provision means that all legislation creating city courts shall be restricted to the single purpose of creating a court for the benefit of the city to meet its wants and to dispose of litigation that arises within the city. Legislation which accomplishes such purpose does not transcend the constitutional provision.

Section 5 relates to venue. There are statutes in this State which fix the venue by the residence of the defendant, but in divorce matters venue is determined by the residence of the plaintiff. The 1939 amendment is a change from the previous act in regard to venue but it does not bring into the jurisdiction of the city court a class of cases which the court did not have jurisdiction over prior to the amendment. The amendment does not alter the requirement of section 1 of the City Court Act

that the cause of action must arise within the territorial limits of the city where the court is located, nor does it enlarge the territorial area in which the cause for divorce may arise. The place where the cause of action may arise being thus limited to the territorial area of the city, the question of the residence of the plaintiff, whether within or without the city, does not enlarge the court's jurisdiction. The requirement of the statute that the causes of action over which city courts may exercise jurisdiction shall arise within the territorial limits of the city where the court is located is within the meaning of the constitutional provision as the same has been interpreted by this court in the several cases cited. The amendment to section 5 is not unconstitutional in the manner charged. As previously stated, the decision in this case is limited to the question presented and the discussion and conclusions drawn have been restricted to the narrow scope allowable under the facts shown.

The order sustaining the prayer of the petition and vacating the decree of divorce is reversed and the cause is remanded, with directions to dismiss the petition.

*Reversed and remanded, with directions.*

Mr. JUSTICE WILSON, dissenting.