Norma H. Hefner, Appellant, v. Frank Adam Hefner, Appellant.
In re Petition of Richard P. Runke, Appellee.

Gen. No. 44,753.

Opinion filed June 29, 1949. Released for publication July 18, 1949.

JOHN P. LOUGHNANE, of Chicago, for appellants; CHARLES D. SNEWIND, of Chicago, of counsel.

No appearance for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.
This is an appeal from an order vacating an order of dismissal and from an order directing both parties to a divorce proceedings to pay solicitor's fees to the

attorney for plaintiff. The orders were entered on the petition of the attorney, hereinafter called petitioner, more than thirty days after the entry of an order dismissing the divorce suit upon stipulation. Plaintiff and defendant in the divorce suit have joined in this appeal.

September 22, 1948, plaintiff filed her divorce suit against defendant. It had been prepared by petitioner after plaintiff had employed, and conferred with, him. Summons issued and was served on defendant. The same day that the complaint was filed, plaintiff wrote petitioner notifying him of his discharge and stating she would ask the court to set a reasonable fee for him. October 14th, no notice having been served on petitioner though presumably he was still plaintiff's attorney of record, the cause was dismissed. This order bears the approval of plaintiff. The order is supported by a stipulation between plaintiff and defendant personally and by his attorney. The stipulation states that all matters in controversy had been settled. December 3rd petitioner served notice on defendant's attorney that he would, on December 9th, petition the court for an order for fees. His petition alleges the services rendered by him in counseling plaintiff, preparing pleadings, etc., procuring of an injunction reconciling the parties and the omission of an allowance of fees for his services. He prayed for an allowance of $250.00.

December 9th the court vacated the dismissal order of October 14th, allowed the petition to be filed, and gave plaintiff leave to file her answer. December 20th the court entered the order allowing petitioner $250.00 for services rendered "to date" and ordered plaintiff and defendant to pay that sum. The order recited the previous dismissal without notice to petitioner, the order of December 9th and the failure of plaintiff to answer thereunder, a complete hearing upon the merits

of the petition and a finding that petitioner had rendered valuable services for which he was not paid.

Plaintiff contends that as between her and petitioner the fees were a matter of contract, suit upon which would entitle her to a jury trial. Defendant contends any allowance to petitioner should have been made in advance of dismissal of the divorce suit. Both contend the Chancellor had no jurisdiction to set aside the dismissal order after thirty days. Petitioner has filed no brief here.

█ █ Section 16 of the Divorce Act authorizes courts in divorce actions to require the husband to pay the wife, or the wife to pay the husband, such sums as may enable the wife, or husband, to maintain or defend the suit. It authorizes the courts in the exercise of their discretion to reserve the question of allowance to final hearing. There is no authority given the courts to require either party to a divorce action to pay his, or her, own attorney. There is no authority to require both parties to pay the wife's attorney. Divorce is statutory and the power of the courts is limited by the provisions of the Act.

█ █ We agree that the petitioner was not fairly dealt with by the parties when the cause was dismissed upon stipulation. Furthermore when plaintiff wrote petitioner of his discharge, she stated she would ask the Chancellor to set a reasonable fee for his services. Events proved he should not have relied upon that statement if he did. The record does not show that he pressed any claim for fees before the dismissal. The court committed error in vacating the order of dismissal and in ordering the payment of the fees. It is against the policy of this State to interfere with a reconciliation of married persons in order to provide, after dismissal of the suit, fees for an unpaid attorney. *Anderson v. Steger,* 173 Ill. 112; *Watson v. Watson,* 335 Ill. App. 637; *Mayer v. Mayer,* 320 Ill. App. 588; *Labanauskas v. Labanauskas,* 228 Ill. App. 273.

This opinion is without prejudice to whatever rights petitioner may have to proceed in a separate action against either or both of the parties.

The orders are reversed.

*Orders reversed.*

BURKE, P. J., and LEWE, J., concur.