Anna Pressney, Appellant, v. Stanley Pressney et al., Defendants.

Gen. No. 44,960.

Opinion filed January 23, 1950. Rehearing denied February 3, 1950. Released for publication February 3, 1950.

HERBERT M. WETZEL, of Chicago, for appellant; DEMETRI M. SPIRO, of Chicago, of counsel.

MYER H. GLADSTONE, of Chicago, for appellees.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff in a divorce suit appeals from an order fixing the fees of her discharged solicitors (hereafter called claimants) at $2,000 and directing that said sum less $350 theretofore paid by plaintiff be paid by defendant and deducted from the cash settlement of $10,000 payable to plaintiff in full of all alimony and solicitors' fees and all her right, title and interest, including her dower, in certain described real property.

■■ The procedure relating to the divorce followed the usual course of a divorce by negotiation: charges and countercharges, conferences, agreement for divorce and settlement of property rights, withdrawal of all charges except plaintiff's charge of cruelty, hearing as in case of default, and entry of a decree embodying the agreement of the parties. This practice is not approved. When the parties abandon pleadings which if proved would bar a divorce it is the duty of the court, of its own motion, to inquire into the facts before entering a decree. *Ollman v. Ollman,* 396 Ill. 176, p. 183.

The procedure culminating in the fixing of claimants' fees and directing their payment is unusual. By proper notice plaintiff terminated the employment of claimants and a motion was made for the substitution of Herbert M. Wetzel as solicitor for plaintiff. This motion was continued to 10 a. m. on May 3rd and the trial of the cause set for 1 p. m. on that day. On May 3rd, the court refused to permit substitution of solicitors. An order was entered giving leave to Wetzel to appear as associate counsel and directing that claimants' fees be fixed by the court and paid from the property settlement theretofore agreed upon by the parties before the entry of the decree for divorce. This order was O.K.'d by Wetzel. The case was heard as a default matter and the preparation of a decree directed. A hearing was then had on the fees of the claimants. Wetzel objected to the hearing. The court called plaintiff for examination, in part, as follows. ''The Court: I want no equivocation, I want no qualification. You have a right to contest this case, you have a right to submit your case to a court or a jury if you want to be heard. You have a right to have the question of fees heard by a court, all of that may be heard by the court, but if you agree here, in consideration of a Decree by Default, if I am to pass on the fee, you must assure me that you will not appeal

my order. Do you so assure me? Witness: I would like to let the court decide. The Court: Will you do it when I decide it? Witness: Yes, I will. The Court: Proceed with the cross-examination based on this agreement of record.'' The next day an order was entered reciting, ''. . . all of the parties having agreed to be bound by the fee to be determined by this court,'' and directing that defendant pay to claimants the sum of $1,650 out of $10,000 to be paid to plaintiff. The decree of divorce ordered, adjudged and decreed, among other things, that claimants ''be paid by the defendant as and for attorneys' fees for representing the plaintiff the sum of $2,000, less $350 heretofore paid as a retainer fee; that said sum of $1,650 be paid by the defendant immediately upon the entry of this decree, and that defendant deduct the said sum of $1,650 from the $10,000 cash settlement payable to plaintiff.'' By her notice plaintiff limits her appeal to that portion of the decree relating to the fees.

 The right of plaintiff to discharge claimants is not and cannot be questioned. *Regan v. Chicago, M. & St. P. R. Co.*, 204 Ill. App. 115; *Price v. Seator*, 337 Ill. App. 248. Upon termination of the relation of attorney and client the latter has the right to substitute another for the person discharged, and the court cannot rightly continue a discharged lawyer as attorney or solicitor of record against the will of the client. If claimants are entitled to further compensation for services, their remedy is by an action at law. The statute creating an attorney's lien on claims, demands, etc., placed in the hands of an attorney for suit or collection (Ill. Rev. Stat. 1949, ch. 13, par. 14 [Jones Ill. Stats. Ann. 9.13]) has no application to suits for divorce. *Thoresen v. Thoresen*, 293 Ill. App. 168. It is only when the court enters an order for attorneys' fees to enable a party to prosecute or defend a suit for divorce that section 15 of the Divorce Act (ch. 40, par. 16 [Jones Ill.

Stats. Ann. 109.183]) authorizes the court to direct payment of such fees to the attorney instead of the party for whose benefit the payment is directed. No such order was entered in this case. Jurisdiction of a court of equity in a suit for divorce is restricted to the powers conferred by statute. As said in *McFarlin v. McFarlin,* 384 Ill. 428:

"Courts of equity have no inherent power in cases of divorce. The jurisdiction of such courts to hear and determine divorce matters is conferred only by statute. While such courts may exercise their powers within the limits of the jurisdiction conferred by the statute, the jurisdiction depends upon the grant of the statute and not upon general equity powers. *Johnson v. Johnson,* 381 Ill. 362; *Smith v. Smith,* 334 Ill. 370."

The claim of an attorney against his client for services rendered is wholly irrelevant to and independent of the subject matter submitted to the court in a suit for divorce—the dissolution of the marriage relationship and incidental thereto under circumstances stated in the statute, the adjustment of the property rights of the parties. There is no statutory provision for the enforcement in a divorce suit of an attorney's claim against his client for services rendered in the suit. The court lacked jurisdiction to adjudicate the question of claimants' fees. This want of jurisdiction could not be cured by agreement of the parties. In *Huschen v. Huschen,* 401 Ill. 518, the court said: "Neither the consent of the parties nor their desire to have this court pass on the cause can confer jurisdiction if we do not have it under the constitution and statute. *Williams v. Williams,* 381 Ill. 507." Neither Wetzel's O.K. of the order of May 3rd nor plaintiff's assurance that no appeal would be taken from the order fixing claimants' fees and directing their payment gave the court jurisdiction of these matters.

That part of the decree fixing the fees of claimants and directing their payment out of the property–settlement money to be paid plaintiff, is reversed.

*Reversed.*

TUOHY, P. J., and FEINBERG, J., concur.