Katharina Rosmanitz, Plaintiff-Appellee, v. Jakob Rosmanitz and Guaranty Bank & Trust Company, as Trustee Under a Trust Agreement Dated August 4, 1961, Known as Trust No. 10350, Defendants-Appellees, and Karel L. Kohler-Rausch and Morris A. Gzesh, Third-Party Respondents-Appellants.

Gen. No. 52,833.

First District, Fourth Division.

May 21, 1969.

Karel L. Kohler-Rausch, of Berwyn, and Morris A. Gzesh, of Chicago, for appellants.

Robert L. Phee, of Chicago, for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Third-party respondents appeal from orders denying their motions to vacate certain orders entered on June 13 and July 7, 1966, and from a denial of their petition to intervene which sought an adjudication of their attorneys' lien.

The facts are not disputed. In September 1961, Karel L. Kohler-Rausch and Morris A. Gzesh were retained by plaintiff as her attorneys. A separate maintenance action was filed in her behalf against defendant. In November 1961, an amendment to the complaint was filed adding Count II in which plaintiff alleged a beneficial interest in certain real estate. On December 4, 1962, defendant filed a counterclaim for divorce. An amended Count II was filed by plaintiff on January 23, 1964. Kohler-Rausch and Gzesh obtained leave to withdraw as plaintiff's attorneys on November 23, 1965, and a judgment at law was entered against defendant in the sum of $800, which represented the balance due the attorneys by virtue of a prior order that defendant pay plaintiff's attorneys' fees.

On December 18, 1965, defendant was served with notice of an attorneys' lien by Kohler-Rausch and Gzesh for services rendered under Count II of the complaint.

On June 13, 1966 (apparently without notice) an order was entered setting a hearing on the attorneys' lien for July 6 and ordering service of a copy of the order on the

attorneys. Gzesh was served on behalf of both attorneys. On July 7 an ex parte order was entered (dated July 6) finding the attorneys' lien to be of no force or effect.

A decree of divorce was granted the defendant on March 23, 1967, providing for the payment by defendant of $150 per month for child support and lump sum alimony in the amount of $15,000. The court found that certain real estate was acquired during the marriage by the joint efforts of the parties and ordered the wife to release her interest therein. Plaintiff's complaint for separate maintenance and other relief was dismissed with prejudice.

On September 14, 1967, defendant was given leave to name Kohler-Rausch and Gzesh as third party respondents and they were served with summons. They filed a motion to vacate the orders of June 13 and July 7, 1966, and requested leave to file an intervening petition; on motion of plaintiff to strike and dismiss, the motion to vacate was denied and leave to file the intervening petition was denied on the ground that the court did not have jurisdiction by virtue of the prior orders. Third party respondents appeal from these rulings.

Opinion

█ Third party respondents first contend that the orders of June 13 and July 7 were void. They claim that no petition had been filed as provided by Ill Rev Stats (1965) c 13, § 14,* and that since they were not parties

*. . . To enforce such lien, such attorneys shall serve notice in writing, which service may be made by registered or certified mail, upon the party against whom their clients may have such suits, claims or causes of action, claiming such lien and stating therein the interest they have in such suits, claims, demands or causes of action, and such lien shall attach to any verdict, judgment or decree entered and to any money or property which may be recovered, on account of such suits, claims, demands or causes of action, from and after the time of service of the notice. On petition filed by such attorneys or their clients any court of com-

351

to the litigation at that time the court did not have jurisdiction to enter any order regarding their lien. They point out that subsequent to the entry of these orders these respondents were made parties to the action but were denied leave to intervene on the ground that their lien had been adjudicated by these void orders. In this court neither appellee has answered these points and we therefore find that the orders of June 13 and July 7 (dated July 6), 1966, were void.

Respondents urge that they should be allowed to file their intervening petition to enforce their attorneys' lien for services rendered by them to their former client, the plaintiff, under Count II of the amended complaint. This procedure has been sanctioned in Midcity Trust & Savings Bank, Appellees v. City of Chicago, Defendants, Appeal of George C. McCarthy, Appellant, 292 Ill App 471, 11 NE2d 617. The intervening petition requested enforcement of the attorneys' lien alleging that during the pendency of a separate maintenance suit respondents had been retained by plaintiff to obtain an adjudication of or settlement of property rights as between herself and defendant; that they had performed services—the details of which are then stated—and that the services were reasonably worth $3,085.83; that because of plaintiff's conduct respondents were allowed to withdraw as her attorneys; that defendant had been served with a notice of attorneys' lien for services rendered in connection with her property rights; that plaintiff's property rights were adjudicated in the divorce decree and that therefore the attorneys' lien should be enforced. Respondents argue that Count II sought recovery for plaintiff of property rights and that as a result thereof, the divorce decree adjudicated that plaintiff did have rights in two

petent jurisdiction shall, on not less than 5 days' notice to the adverse party, adjudicate the rights of the parties and enforce such lien in term time or vacation.

parcels of real estate and that plaintiff received a settlement in the form of lump sum alimony based on that claim.

Plaintiff-appellee's only contention in this court is that the Attorney's Lien Act has no application to divorce suits, citing Pressney v. Pressney, 339 Ill App 371, 90 NE 2d 119. We agree with this principle, but in the instant case the notice of lien was not filed in the divorce action but under plaintiff's Count II which requested an adjudication of plaintiff's property rights. Although Count I was for separate maintenance in which property rights are not to be adjudicated (Petta v. Petta, 321 Ill App 512, 53 NE2d 324) this is not relevant since a complaint may state in different counts separate causes of action (Ill Rev Stats, c 110, § 33(2)) and any causes of action may be joined (Ill Rev Stats, c 110, § 44). See Olmsted v. Olmsted, 332 Ill App 454, 75 NE2d 774, and Boker v. Boker, 17 Ill App2d 260, 149 NE2d 774.

Respondents claim that the lien attached to the real estate which was the subject matter of Count II, that the lump sum alimony in the decree was in lieu of plaintiff's interest in the real estate and that the lien is therefore enforcible. Midcity Trust, supra. The fact that plaintiff's rights in the real estate were finally adjudicated in the divorce action should not deprive the attorneys of their right to ask for an enforcement of the lien. The test is whether the attorneys' client recovered any money or property by reason of their efforts.

Section 14 of chapter 13 of the Ill Rev Stats provides that the attorney's lien attaches to "any money or property which may be recovered, on account of such suits, claims, demands or causes of action . . . ." Respondents seek to show that the moneys recovered by plaintiff were "on account" of their endeavors. They are entitled to an opportunity to present their claim and submit their evidence. We therefore reverse the orders

of June 13, 1966, and July 7, 1966 (dated July 6, 1966). The order of October 25, 1967, is reversed and the cause remanded with directions to grant leave to third-party respondents to file their intervening petition.

Reversed in part, reversed and remanded in part with directions.

ENGLISH and STAMOS, JJ., concur.