*In re* PETITION OF ERWIN B. NEIMAN, Appellant—(ALFRED MAGILL, Plaintiff-Appellee, *v.* LORENE MAGILL, Defendant-Appellee.)

(No. 71-260;

Second District—November 22, 1972.

ABRAHAMSON, J., dissenting.

Erwin B. Neiman, *pro se.*

Alfred L. O'Connor, and Kleinman & Silverman, both of Chicago, and Earl J. Wasneski, of Waukegan, for defendant-appellee Lorene Magill.

Mr. JUSTICE GUILD delivered the opinion of the court:

Attorney Erwin B. Neiman here appeals from an order of the circuit court in Lake County requiring him to turn over certain parts of his file and to file a petition to determine his fees and adjudication of such fees.

The appellant was retained to represent the plaintiff, Alfred Magill, in a divorce action. On March 25, 1971, the plaintiff relieved the petitioner of further responsibility in the action and hired new attorneys. On April 7, 1971, the court heard the petitioner's motion to withdraw and the motion of new counsel to turn over records and to adjudicate the lien of appellant. On that date petitioner was ordered to turn over his file to plaintiff's new counsel and he was ordered to file "* * * a lien of attorney's fees, claimed by said attorney, Erwin B. Neiman * * * to be adjudicated as part of this case * * *." Appellant filed his petition for fees on May 20, 1971. The trial court thereupon denied the petition.

The plaintiff-appellee herein has filed no responsive pleadings in this

appeal. It appears from the record that he has left the State without reimbursing his attorneys who replaced the petitioner herein.

■■ Any appeal from the turn over order is now moot as the divorce action has been concluded.

■■ Petitioner claims a court in an action for divorce has no jurisdiction to fix the fees to be paid to an attorney by his client. The court stated in *Hefner v. Hefner* (1949), 338 Ill.App. 179, 181, 86 N.E.2d 885:

"* * * There is no authority given the courts to require either party to a divorce action to pay his, or her, own attorney."

The court further stated in *Pressney v. Pressney* (1950), 339 Ill.App. 371, 90 N.E.2d 119, at page 121:

"* * * If claimants are entitled to further compensation for services, their remedy is by an action at law. The statute creating an attorney's lien on claims, demands, etc., placed in the hands of an attorney for suit or collection (Ill. Rev. Stat. 1949, chap. 13, par. 14) has no application to suits for divorce. Thoresen v. Thoresen, 293 Ill.App. 168, 12 N.E.2d 28. It is only when the court enters an order for attorneys' fees to enable a party to prosecute or defend a suit for divorce that section 15 of the Divorce Act (chap. 40, par. 16) authorizes the court to direct payment of such fees to the attorney instead of the party for whose benefit the payment is directed. No such order was entered in this case. Jurisdiction of a court of equity in a suit for divorce is restricted to the powers conferred by statute. As said in McFarlin v. McFarlin, 384 Ill. 428, 51 N.E.2d 520, 521: 'Courts of equity have no inherent power in cases of divorce. The jurisdiction of such courts to hear and determine divorce matters is conferred only by statute. While such courts may exercise their powers within the limits of the jurisdiction conferred by the statute, the jurisdiction depends upon the grant of the statute and not upon general equity powers. Johnson v. Johnson, 381 Ill. 362, 45 N.E.2d 625; Smith v. Smith, 334 Ill. 370, 166 N.E. 85.'

The claim of an attorney against his client for services rendered is wholly irrelevant to and independent of the subject matter submitted to the court in a suit for divorce—the dissolution of the marriage relationship and incidental thereto under circumstances stated in the statute, the adjustment of the property rights of the parties. There is no statutory provision for the enforcement in a divorce suit of an attorney's claim against his client for services rendered in the suit. The court lacked jurisdiction to adjudicate the question of claimants' fees."

We therefore find it was error for the circuit court to order the peti-

tioner to petition for fees against his client. We further find that the order denying fees was in error as the court lacked jurisdiction so to do. The appellant's right to a determination of fees is by an action at law.

Reversed as to all orders fixing the fee of appellant.

Judgment reversed.

SEIDENFELD, P. J., concurs.

Mr. JUSTICE ABRAHAMSON dissenting:

I cannot agree with the majority. It would appear to me that the appellant attempted to enforce his attorney's lien in the divorce action, which in my opinion the circuit court had jurisdiction to hear, pursuant to ch. 13, sec. 14. (Ill. Rev. Stat. 1971, ch. 13, sec. 14.) Having elected to file his lien in the divorce action, he is now precluded from the relief sought here. I make no comments on the proofs submitted to sustain the lien.