STANLEY STOLLER, Plaintiff-Appellant, *v.* BRUNO ONUSZKO *et al.*, Defendants-Appellees.

(No. 56698;

First District (3rd Division)—March 1, 1973.

Stanley Stoller, *pro se.*

Stanley Werdell, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an action to enforce an attorney's lien. (Ill. Rev. Stat. 1967, ch. 13, sec. 14.) The circuit court of Cook County, chancery division, dismissed plaintiff's second amended complaint for failure to state a cause of action. The plaintiff appeals from the final order entered thereon.

The issue for our review is whether the plaintiff can maintain a suit to enforce his attorney's lien based on a contingent fee contract which

pertains to an action filed in the divorce division of the circuit court. The divorce action involved alimony, child support and property rights. Plaintiff contends that the trial court erred in dismissing his second amended complaint.

We affirm.

Plaintiff, Stanley Stoller, an attorney, entered into an "attorney's contract" with Anna Onuszko, one of the defendants in this action. Under the terms of this contract, in consideration for plaintiff's services in prosecuting claims against Josef Onuszko, Anna's husband, Bruno Onuszko, their son, and Celeste Onuszko, Bruno's wife, plaintiff was to receive 40 per cent of any recovery. The claims involved divorce, alimony, child support and property settlement.

Anna Onuszko, through the plaintiff, filed a one-count complaint in the divorce division of the circuit court entitled "Anna Onuszko v. Josef Onuszko, Bruno Onuszko, and Celeste Onuszko—Complaint for Divorce and Other Relief." The complaint alleged desertion as grounds for the divorce. It also alleged that Bruno forced his mother, Anna, to convey to him her one-half interest in certain real property that she held as joint tenant with her husband. The prayer for relief requested, *inter alia,* that the court declare Bruno "trustee ex malificio" as to his mother's one-half interest and that Bruno reconvey her interest in this property back to her. She further requested that Josef's one-half interest be used to satisfy any unpaid obligations of support and to satisfy counsel's claim for attorney's fees.

In his second amended complaint, Stoller alleged that he was "faithful and industrious and pursued the claims of Anna Onuszko with vigor." His work on the divorce case culminated in an agreement reached at a pretrial hearing in which Bruno agreed to convey to his mother a fee simple interest in the real estate in question. Soon after this Anna discharged the plaintiff as her attorney without any fault on his part, and the conveyance to her never took place. On Anna's motion, filed by her new counsel, the trial court dismissed the divorce case.

Plaintiff served notice of attorney's lien on Josef, Bruno and Celeste Onuszko. He contends that attempts were made to defeat his lien by a conveyance of the real property to a trustee, Lucie Onuszko, Anna's daughter. Plaintiff requests in his prayer for relief that the court specifically enforce the contingent fee contract and that he received an undivided 40 per cent interest in the real property, free and clear of all liens after November 8, 1966. Plaintiff insists that if Anna had not discharged him she would have acquired real estate, past due support, attorney's fees and costs worth $41,250 through his efforts.

■■ It is against public policy for attorneys to enter into contingent

fee contracts in divorce actions. (*In re Fisher* (1958), 15 Ill.2d 139, 153 N.E.2d 832.) Plaintiff cites *Warner v. Basten* (1969), 118 Ill.App.2d 419, 255 N.E.2d 72, for the propositions that contingent fee contracts are valid, that when an attorney is wrongfully discharged he may receive compensation according to the terms of the contract, and that a contingent fee of 40 per cent of any recovery is fair and reasonable. *Warner* is not applicable to the facts in the instant case. *Warner* was a personal injury action in which the attorney was discharged without cause after he had investigated the case. The contract called for 25 per cent of any settlement and 33 per cent of any judgment. The case was settled. In his suit to enforce his attorney's lien, the appellate court affirmed the trial court's award of 25 per cent of the settlement.

*Zagar v. Zagar* (1965), 56 Ill.App.2d 175, 205 N.E.2d 754, which the plaintiff cites, upheld the validity of a contingent fee contract for 50 per cent of collected arrearages under a separate maintenance decree. Because the contract involved only arrearages, the court's decision did not change the policy enunciated in *Fisher*, and the case is therefore distinguishable from the instant case.

■■ We also find fault with the plaintiff's use of the Attorney's Lien Act in an attempt to enforce this void and unenforceable contract. The Attorney's Lien Act has no application to divorce suits. (*Pressney v. Pressney* (1950), 339 Ill.App. 371, 90 N.E.2d 119; *Thoresen v. Thoresen* (1937), 293 Ill.App. 168, 12 N.E.2d 28.) Plaintiff relies on *Rosmanitz v. Rosmanitz* (1969), 110 Ill.App.2d 349, 249 N.E.2d 153, in which the court held that an attorney's lien could attach to real estate which was the subject matter of one count of a two-count complaint. Although the other count was for separate maintenance, the court decided this would not be a bar to the enforcement of plaintiff's lien. In the instant case, plaintiff argues that he lumped two causes of action in one count and that his lien attached to the real estate which he alleges is the subject matter of one of the causes of action.

■■ Plaintiff's argument as to the propriety of his lien is of no avail, because he seeks through its use to enforce a void and unenforceable contract of employment. We will not enforce an attorney's lien predicated on an invalid or unlawful contract of employment. (*Cupp v. Chicago, R.I. & P.R. Co.* (N.D. Ill. 1949), 87 F.Supp. 565.) In *Rosmanitz* the attorney used the lien to recover the value of his services. *Rosmanitz* is distinguishable.

For the above reasons, the order of the circuit court of Cook County is affirmed.

Order affirmed.

DEMPSEY, P. J., and McNAMARA, J., concur.