Marsha Joyce O'Connell, Plaintiff-Appellant, *v.* Michael John O'Connell, Defendant-Appellee.

(No. 12484; ▮▮▮▮▮▮▮▮)

Fourth District—April 10, 1975.

CRAVEN, J., specially concurring.

George L. Chesley, of DePew, Grimes, & DePew, of Bloomington, for appellant.

No appearance for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Plaintiff appeals from the order of the trial court denying a decree for divorce after a hearing upon complaint and answer.

The order, in the form of a docket entry, is:

"[T]he Court having examined the pleadings and Answer of the Defendant admitting the allegations of grounds for divorce and Defendant's objection to testimony on grounds because of his admission and the Plaintiff's willingness to accept the admission

without further proof and the conduct of the Plaintiff and the Defendant during the course of the hearing amounts to an agreement not to defend and collusion of the parties to obtain a divorce: IT IS THEREFORE ORDERED that the divorce be and the same is hereby denied."

In addition to jurisdictional matters, the complaint alleged mental cruelty and prayed for custody and support of a daughter, aged 2. The praecipe for summons directed that the summons be held. As shown by the clerk's file stamp, defendant's entry of appearance by an attorney was filed at the same date and hour as the complaint. An answer was filed on August 30, and the matter was heard on the same date.

The answer denied the allegation that plaintiff had conducted herself as an affectionate, kind wife but admitted all others, including the allegations of mental cruelty. At the hearing on complaint and answer, defendant's counsel was present. The record does not disclose whether defendant appeared.

Plaintiff testified that she had been a dutiful, affectionate wife and to a course of conduct by defendant which would establish that she suffered mental wrong in the context of mental cruelty over a substantial period of time. She also testified as to an oral agreement that she would retain the household furniture and the lease of the apartment and that she would waive alimony. She was cross-examined concerning her understanding of such waiver.

At the hearing upon the initial questions concerning the acts of mental cruelty defendant's counsel stated that such conduct was admitted in the answer. Colloquy in the record indicates that this was considered a statement rather than an objection. Subsequently, defense counsel objected to similar testimony upon the grounds of relevance. The objection was without merit and was properly overruled.

The trial court denied plaintiff's post-trial motion, which urged that the finding of collusion is not supported by the record, and is against the manifest weight of the evidence, and that the findings of the court do not support the judgment as a matter of law. Such issues are presented on appeal.

The collusion noted in the order does not come within the sense of the statute (Ill. Rev. Stat. 1971, ch. 40, par. 11).[1] The sense of such provision is that the complaining party agreed or consented to the "injury complained of." Nothing in the record suggests that the course of con-

---

[1] "If it appears, to the satisfaction of the court, that the injury complained of was occasioned by collusion of the parties, or done with the assent of the plaintiff for the purpose of obtaining a divorce, or that the plaintiff was consenting thereto, then no divorce shall be decreed."

duct presented as mental cruelty was planned or agreed upon by the plaintiff.

■■ Illinois has long held that parties could not obtain a divorce by agreement or by the parties combining to procure a divorce. It has been generally said that the State has an interest in preserving the marital relation. It is also important that the parties be barred from any benefit of fraud upon the court. (*Danforth v. Danforth*, 105 Ill. 603.) That opinion determined that it was error to refuse to permit the wife to obtain the vacation of a decree of divorce when it appeared that her attorney, without her knowledge, signed in her name an agreement whereby she would receive $29,000 deposited in a bank upon producing at such bank a decree of divorce. The court construed the document as an agreement that a divorce should be granted, or that it would not be opposed. In *Belz v. Belz*, 33 Ill.App. 105, the husband alleged desertion. The wife answered and consented to a default. The court interrogated the husband's solicitor who testified that the wife had requested that he procure a divorce, presenting a written consent of the husband. Counsel advised the wife that she had no grounds for divorce. She thereupon sent the husband to the same lawyer who proceeded to file the complaint. The court noted:

> "There was here a common design followed up by both parties with the intent that the desired result should be produced one way or another." (33 Ill.App. 105, 109.)

A dismissal on the grounds of collusion was affirmed.

Collusion was discussed in *Pressney v. Pressney*, 339 Ill.App. 371, 90 N.E.2d 119. In a further context the court commented upon those cases wherein the record shows charges and counter-charges which, after negotiation, were withdrawn and the case was heard as in default. The court there said that when the parties abandon pleadings containing allegations which, if proven, would bar divorce, the court will inquire on its own motion into facts before granting a divorce. See *Ollman v. Ollman*, 396 Ill. 176, 71 N.E.2d 50.

The record here does not disclose facts which show an agreement to obtain a divorce in the collusive definition and does not show facts which, if proven, would be a bar to divorce. The question becomes, does the record support a conclusion that there was an agreement not to defend.

The order of the trial court notes that the answer admits the allegations concerning mental cruelty. The Civil Practice Act, section 40 (Ill. Rev. Stat. 1971, ch. 110, par. 40), requires the explicit admission or denial of the allegations of a complaint, and a denial must not be evasive but must fully answer the substance of the allegations. A denial of an

allegation of fact necessarily depends upon matters known by the party which he may be called upon to support by evidence. We have found no authority which says that there is a duty to defend in divorce without regard to the merit of the issue.

Similarly, the court's docket entry notes that counsel pointed out that the allegations of mental cruelty had been admitted. It would appear that an admission by answer in divorce is of the same quality and subject to the same judicial consideration as the "confession" contemplated in section 9 of "An Act to revise the law in relation to divorce" (Ill. Rev. Stat. 1973, ch. 40, par. 10), which provides:

> "No confession of the defendant shall be *taken as evidence* unless the court or jury shall be satisfied that such confession was made in sincerity and without fraud or collusion to enable the plaintiff to obtain a divorce." (Emphasis supplied.)

The statute (Ill. Rev. Stat. 1973, ch. 40, par. 9) contemplates proceeding where "the complaint is taken as confessed" if the court is satisfied of the sufficiency of the notice, and to grant a divorce where the court is satisfied "that the cause of divorce has been fully proven". Effective July 1, 1974, such decree may be granted "upon testimony of plaintiff taken in open court."

■■ We conclude that the admission of allegations of fault by answer does not alone create a necessary inference of collusive divorce or agreement not to defend.

The order of the court refers to "the conduct of the Plaintiff and the Defendant during the course of the hearing." The defendant did not testify, and the court does not refer to the testimony of the plaintiff in terms of credibility.

The order of the circuit court is reversed, and the cause is remanded for further proceedings not inconsistent with the views expressed.

Reversed and remanded.

SMITH, P. J., concurs.

Mr. JUSTICE CRAVEN, specially concurring:

I agree that the order of the circuit court denying a divorce in this case on the stated grounds of collusion is incorrect and the cause is to be remanded. As I view this record, the finding of the trial court of collusion is not supported by the record and the trial court did not deal with collusion as that term is defined in the statute. Collusion is defined in section 10 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 11) in terms indicating that the marital offense for which the divorce is sought was assented to by the plaintiff for the purpose of obtaining a

divorce. An answer filed to a complaint for divorce admitting the allegations there contained does not suggest collusion within that statutory definition. If the marital offense is admitted by answer, then it appears that section 8 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 9) requires that such answer shall not be taken as evidence except under the circumstances there stated and under the language of that section. Effective July 1, 1974, if the complaint is taken as confessed, the court shall proceed to hear the cause upon testimony of the plaintiff taken in open court.

For the stated reasons, I concur that the order appealed from should be reversed and this cause remanded for further proceedings.